IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robin R. Popp,

    Plaintiff,

  v.                          Case No. 2:15-cv-2977

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

    Defendant.

ORDER

    Plaintiff Robin R. Popp brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits.  The administrative law judge ("ALJ") reviewed the medical evidence in the record and held a hearing, at which plaintiff, accompanied by counsel, and a vocational expert testified.  In a decision dated June 4, 2014, the ALJ found that plaintiff had severe impairments consisting of degenerative disk disease, left knee degenerative joint disease, obesity, and depression.[1]  PAGEID 13.  After considering the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work which could involve lifting or carrying twenty pounds occasionally, and ten pounds frequently, and standing, walking or sitting for six of eight hours during the workday, but that she could only occasionally climb stairs, stoop, kneel, crouch and crawl.  PAGEID 15.  Citing the testimony of the vocational expert, the ALJ concluded that there were jobs in the

---

[1] In her statement of errors, plaintiff advanced no arguments concerning the ALJ's findings concerning her mental status.

economy which plaintiff could perform, and that she was not disabled.  PAGEID 18-19.

This matter is before the court for consideration of plaintiff's January 23, 2017, objections (Doc. 24) in response to the January 9, 2017, report and recommendation of the magistrate judge (Doc. 23), recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as

adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. Plaintiff's Objections

The magistrate judge addressed eight claims of error raised by plaintiff concerning the ALJ's formulation of her RFC as permitting light work as opposed to sedentary work. Plaintiff specifically objects to the magistrate judge's analysis of four of her claims of error, specifically, Sections III(A)(1), (2), (4) and (7) of the report and recommendation.

A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ is charged with determining a claimant's RFC. 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). In making that determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p,

3

1996 WL 374184 at *7 (Soc. Sec. Admin. July 2, 2006). However, an ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).

B. Sections III(A)(1) and (4) - ALJ's Reference to Good Functioning During Physical Examinations and Normal Examination Findings

In rejecting plaintiff's argument that she could perform only sedentary work, the ALJ noted that plaintiff "had good functioning" and "walked with a normal gait" during her consultative examination by Judith Brown, M.D., on August 23, 2012. PAGEID 15-16. Dr. Brown's report stated that plaintiff appeared to be stable and comfortable in supine and sitting positions, that no muscle weakness was noted, and that plaintiff was able to stand on each leg alone without difficulty, to walk on heels and toes, and to walk heel to toe without difficulty. Ex. 2F, PAGEID 245, 247. Dr. Brown opined that while activities such as bending, stooping, lifting, crawling, squatting, carrying and traveling would be mildly affected, plaintiff could probably perform light duty work. PAGEID 247.

The ALJ observed that plaintiff "walked with a normal gait and had normal sensations" during a second consultative examination of plaintiff by Dr. Brown on August 27, 2013. PAGEID 16. Dr. Brown stated in her report that plaintiff "ambulates with a normal gait," not unsteady, lurching or unpredictable, that although plaintiff carried a walker, she did not appear to lean on it, and that she walked heel to toe without difficulty. Ex. 11F, PAGEID 414, 416. Dr. Brown again opined that plaintiff's ability to work appears to be mildly impaired. PAGEID 417. The ALJ also cited the

4

examination records of Gregory Parranto, M.D., from October, 2012, and April, 2013, which reported no joint tenderness and normal neurological exams, and from September, 2012, which reported a normal bilateral knee examination. PAGEID 16, citing Ex. 7F. Due to other reports that plaintiff ambulated normally, the ALJ gave only some weight to the opinions of the state physicians, Gary Hinzman, M.D., and Anahi Ortiz, M.D., who concluded that plaintiff was limited to four hours of standing or walking. PAGEID 17. These state physicians nonetheless concluded that plaintiff was not disabled. *See* Exs. 1A and 3A.

The magistrate judge noted other examples in the medical records of plaintiff's normal gait, including the July, 2012, report of Dr. Sudhir Dubey, Psy.D. that plaintiff's gait "was unremarkable," and the May 14, 2013, report of Dr. Frank Fumich that plaintiff "presents to the office using no assistive devices for ambulation" and "has [a] non-antalgic, non-antaxic gait." *See* Doc. 23, pp. 10-11, PAGEID 291, 335. The magistrate judge stated that the references in the medical records to plaintiff's difficulty in straight leg raising and standing on one leg, as well as her decreased cervical spine range of motion, did not change the fact that plaintiff presented with good functioning during her examinations. Doc. 23, p. 11.

Plaintiff argues that the ALJ erred in failing to mention abnormal examination findings noted in the medical records or to explain why those findings did not impact his conclusion that plaintiff was capable of light work. Plaintiff further contends that the magistrate judge engaged in improper post-hoc rationalization by discussing the impact of abnormal exam findings

on plaintiff's good functioning because these findings should have been addressed by the ALJ in his decision.

As noted above, the ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker*, 99 F.App'x at 665.

> While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that: "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."

*Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 508 (6th Cir. 2006)(quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)(citations and internal quotation marks omitted)). An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The ALJ noted that he determined that plaintiff could perform light work "when considering all the evidence in the record[.]" PAGEID 18. The ALJ stated that "considering the claimant's back pain and left knee pain in combination, the claimant was still able to walk normally during two consultative examinations" (referring to the consultative reports of Dr. Brown and assigning her findings "great weight"). PAGEID 17. The ALJ also discussed both normal and abnormal exam findings. He noted to a March 2012 lumbar x-ray, an October 2012 cervical x-ray, and a May 2013 MRI, which he acknowledged "showed mild to moderate spinal abnormalities that did not affect the claimant's ability to walk or her strength." PAGEID 15-16. He specifically referred to a left knee MRI performed in October of 2012 and a left knee x-ray in August of 2012, which

showed "a lateral meniscus tear and intermediate chondromalacia" and "mild medial compartment osteoarthritic without acute bony abnormality." PAGEID 16. The ALJ's references to these records indicates that he considered them. The fact that these abnormalities existed did not require the ALJ to conclude that plaintiff is disabled. Not every diagnosable condition is disabling. *Lee v. Comm'r of Soc. Sec.*, 529 F.App'x 706, 713 (6th Cir. 2013). Rather, disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014).

The magistrate judge did not engage in an impermissible post-hoc analysis in addressing this claim of error. It is the function of the magistrate judge and this court to review the record to determine whether the Commissioner's decision is supported by substantial evidence. *Ealy*, 594 F.3d at 512. The magistrate judge properly examined the record evidence as a whole, including the evidence referred to by plaintiff, in deciding whether that evidence undermined the ALJ's RFC determination. For example, the fact that plaintiff's straight leg raises while in a supine position were limited to fifty degrees for the right leg and forty-five degrees for the left leg, *see* PAGEID 247, does not defeat the ALJ's conclusion, based on the entire record, that plaintiff is able to walk normally for purposes of performing light work.

**C**. Section III(A)(2) - Rejection of Diagnosis of Stenosis

Plaintiff objects to the magistrate judge's analysis regarding whether the ALJ adequately explained why he rejected the diagnosis of lumbar stenosis offered by Dr. Fumich. "Discretion is vested in the ALJ to weigh all the evidence." *Collins v. Comm'r of Soc.*

7

*Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009). "Where there are conflicting opinions from various medical sources, it is the ALJ's function to evaluate the medical evidence and determine Plaintiff's RFC." *Swett v. Comm'r of Soc. Sec.*, 886 F.Supp.2d 656, 660 (S.D.Ohio 2012)(citing *Webb*, 368 F.3d at 633). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

The ALJ did give an explanation for his rejection of Dr. Fumich's diagnosis of stenosis. He noted that "[i]n May 2013, the claimant's orthopedist [Dr. Fumich] mentioned stenosis at the L4-L5 disc level, which was not depicted in the results of the MRI, or any other imaging in the record," citing to Exhibit 8F. PAGEID 15-16. Exhibit 8F is the report of Jane Burk, M.D., who interpreted plaintiff's May 14, 2013, MRI. That report did not mention stenosis. PAGEID 348. The ALJ's statement was sufficient to explain why he accepted the opinion of Dr. Burk, and why he concluded that Dr. Fumich's diagnosis was not supported by the objective medical evidence. The court notes that although there is a reference to spinal stenosis in the records of Dr. Parranto, *see* Ex. 7, those records give no indication that Dr. Parranto actually read the x-rays or the MRI. The magistrate judge did not err in addressing this claim of error.

D. Section III(A)(7) -  Discussion of Activities of Daily Living

Plaintiff objects to Part 7 of the magistrate judge's analysis regarding the ALJ's reliance on plaintiff's activities of daily living in formulating her RFC. The ALJ concluded that plaintiff

8

had mild restrictions in activities of daily living, as plaintiff reported that she prepares simple meals, sorts and starts laundry, drives, shops for groceries occasionally, watches television and pays her bills. PAGEID 14. The magistrate judge concluded that this finding was consistent with the record, noting plaintiff's reports of similar activities during a psychological consultative examination with Dr. Dubey on July 23, 2012. Doc. 23, pp. 14-15; citing PAGEID 292. The magistrate judge noted plaintiff's argument that these reports were taken out of context in light of evidence that plaintiff has pain when she sleeps, and that pain prevents her from taking a shower every day. Doc. 23, p. 15. The magistrate judge then concluded that the ALJ reasonably relied on plaintiff's previous reports of her daily activities in considering plaintiff's inconsistency in reporting her daily activities. Doc. 23, p. 15, citing *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004)(ALJ may consider daily activities in evaluating complaints of disabling pain).

The magistrate judge correctly analyzed this claim of error. The ALJ's observations concerning plaintiff's reports of her daily activities are supported by the record. The ALJ addressed plaintiff's hearing testimony concerning additional pain and limitations. PAGEID 15. However, the ALJ also discussed several factors which undermined plaintiff's credibility, including: (1) her inconsistent work history prior to her onset of disability date; (2) her attendance at four of nine physical therapy sessions; (3) her use of Tylenol and Ibuprofen for pain, as opposed to stronger medication; (4) her normal gait and good functioning during Dr. Brown's consultative examinations; (5) the May, 2013,

9

MRI, which showed no nerve root compression or stenosis; (6) and plaintiff's conservative treatment for knee pain, which did not include injections or surgery.  PAGEID 16-17.

Under Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4 (Soc. Sec. Admin. July 2, 1996), the ALJ can weigh a claimant's credibility in considering a claimant's statements as evidence bearing on the issue of disability.  It is for the ALJ, not the reviewing court, to evaluate the credibility of the claimant. *Rogers*, 486 F.3d at 247.  An ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict. *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990).  The ALJ reasonably concluded that the above factors, including plaintiff's reports of her daily activities, "demonstrate that the claimant's impairments are not disabling." PAGEID 17.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act.  The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 23).  Plaintiff's objections (Doc. 24) are denied.  The Commissioner's decision is affirmed, and this action is dismissed.  The clerk shall enter final judgment.

Date: March 2, 2017                  s/James L. Graham
                                      James L. Graham
                                      United States District Judge